**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ASSURED TESTING LABORATORIES LLC, PLANT SAFE, LLC; EVIO, INC.; NATURE SAFE LABS, INC.; PRIDE ANALYTICS AND CONSULTING LLC; NCALC LLC D/B/A THE HIGHER COMMITMENT ANALYTICAL; HIGH SIERRA ANALYTICS, INC.; 2 RIVER LABS; AMERICAN BIOTECH TESTING, INC.; AMERICAN BIOTECH LABORATORIES; SC LABORATORIES OREGON, LLC; SC LABORATORIES CALIFORNIA, LLC; CB LABS NOVATO, LLC; CB LABS SANTA ANA, LLC; CANMEDLABS LLC; ENVE ANALYTICS LLC; INDICATIVE-TESTING LLC; ARIES ANALYTIC L.L.C.; AGRICOR LABORATORIES MI, INC. F/K/A CANNLAB LLC; VASSAR ACQUISITIONS PROPERTY MANAGEMENT LLC; THE SPOTT LABORATORY; SCEPTER LAB LLC; HIGHER TESTING, LLC; JASPER ANALYTICAL LABORATORY, LLC; ROSE CITY LABORATORIES; PINNACLE ANALYTICS, LLC; BLUEBONNET LABS, LLC; FIRST THC COMPANY LLC; HIGH NORTH, INC.; ONTARIO INC. D/B/A BPAX LABS; PURA ANALYTICAL LABS;<br><br>       *Plaintiffs,*<br><br>v.<br><br>PERKINELMER HEALTH SCIENCES, INC., REVVITY HEALTH SCIENCES, INC., PERKINELMER U.S. LLC, NEW MOUNTAIN CAPITAL, LLC; NEW MOUNTAIN CAPITAL PARTNERS VI, LP; JUNIPER ANALYTICS, LLC; EMERALD SCIENTIFIC, LLC; PRAHLAD SINGH; ALEXIS P. MICHAS; FRANK WHITNEY; PASCAL WITZ; PETER BARRETT; SAMUEL R. CHAPIN; SYLVIE GREGORIE; TOBY ASTILL; CARL CARNEGEY; KEVIN CULVER; AVINASH DALMIA; MELANIE EMMANUEL; JOEL GOLDBERG; JOE GREENWOOD; MARGARET GUTHRIE; JACOB JALALI; RICHARD JEZYKOWSKI; JOHN LUCK; MARK GREENBAUM; ALEXANDER MAITAN; MARK MCCUE; COREY MORCOMBE; JAMES RILEY NEUMAN; QIN FENG; TONY RHODEN; CHARLIE SCHMIDT; JACOB WEISENSEEL;<br><br>       *Defendants.* | Case No.: 1:25-cv-12336<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1331, Defendants Revvity Health Sciences, Inc. f/k/a PerkinElmer Health Sciences, Inc. ("Revvity")[1] and PerkinElmer U.S. LLC (together with Revvity, "PerkinElmer"), through their undersigned counsel, remove this action to the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts, Suffolk County. PerkinElmer states the following in support of its Notice of Removal:

## I. Removal is timely.

1. On January 16, 2025, twenty-six entities[2] (the "Original Plaintiffs"), through their counsel, filed a complaint (the "Original Complaint") against PerkinElmer in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, Case Number 2584CV00139-BLS1 (the "State Court Action").

2. The Original Complaint purported to set out five causes of action against each defendant and on behalf of each plaintiff arising from PerkinElmer's sale of certain complex analytical instruments to cannabis testing laboratories: fraud, negligent misrepresentation, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular

---

[1] Revvity Health Sciences, Inc. was formerly known as PerkinElmer Health Sciences, Inc. Although named as separate defendants, PerkinElmer Health Sciences, Inc. and Revvity Health Sciences, Inc. are not distinct entities.

[2] The Original Plaintiffs are: (1) Assured Testing Laboratories LLC; (2) Plant Safe, LLC; (3) EVIO, Inc.; (4) Nature Safe Labs, Inc.; (5) Pride Analytic And Consulting LLC; (6) NCALC LLC d/b/a The Higher Commitment Analytical; (7) High Sierra Analytics, Inc.; (8) 2 River Labs; (9) American Biotech Testing, Inc.; (10) American Biotech Laboratories; (11) SC Laboratories California, LLC; (12) SC Laboratories Oregon, LLC; (13) CB Labs Novato, LLC; (14) CB Labs Santa Ana, LLC; (15) CanMedLabs LLC; (16) Enve Analytics LLC; (17) Indicative-Testing LLC; (18) Aries Analytic L.L.C.; (19) Agricor Laboratories MI, Inc. f/k/a Cann-Lab LLC; (20) Vassar Acquisitions Property Management LLC; (21) Scepter Lab LLC; (22) Rose City Laboratories; (23) Bluebonnet Labs, LLC; (24) First THC Company LLC; (25) High North, Inc.; and (26) Ontario Inc. d/b/a Bpax Labs.

purpose, and violation of Mass. Gen. L. c.93A § 11 (collectively, the "State Law Claims").

3. On June 18, 2025, PerkinElmer filed its Rule 9A package comprising its motion for partial dismissal of the complaint, Plaintiffs' opposition thereto, and PerkinElmer's reply.

4. On July 24, 2025, the Original Plaintiffs, through their counsel, filed an Amended Complaint that named new plaintiffs[3] and defendants[4] and added a new cause of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) (the "RICO Statute").[5] PerkinElmer was served with the Amended Complaint that same day pursuant to Mass. R. Civ. P. 5.

5. As explained *infra,* in Section II, the Amended Complaint filed and served on July 24, 2025, was the first pleading from which it could be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be

---

[3] The newly named plaintiffs (collectively, the "New Plaintiffs" and with the Original Plaintiffs, the "Plaintiffs") are: (1) The Spott Laboratory; (2) Higher Testing, LLC; (3) Jasper Analytical Laboratory, LLC; (4) Pinnacle Analytics, LLC; and (5) Pura Analytical Labs. The Original Plaintiffs did not seek leave to join the New Plaintiffs, and the New Plaintiffs did not seek leave to intervene.

[4] The Plaintiffs did not seek leave to add new defendants. Newly named defendants (collectively, the "New Defendants," and, with PerkinElmer, the "Defendants") are: (1) New Mountain Capital, LLC (NMC LLC); (2) New Mountain Capital Partners VI, LP; (3) Juniper Analytics, LLC; (3) Emerald Scientific, LLC; (4) Prahlad Singh; (5) Alexis P. Michas; (6) Frank Whitney; (7) Pascal Witz; (8) Peter Barrett; (9) Samuel R. Chapin; (10) Sylvie Gregorie; (11) Toby Astill; (12) Carl Carnegey; (13) Kevin Culver;(14) Avinash Dalmia; (15) Melanie Emmanuel; (16) Joel Goldberg; (17) Joe Greenwood; (18) Margaret Guthrie;  (19) Jacob Jalali; (20) Richard Jezykowski; (21) John Luck; (22) Mark Greenbaum; (23) Alexander Maitan; (24) Mark Mccue; (25) Corey Morcombe; (26) James Riley Neuman; (27) Qin Feng; (28) Tony Rhoden; (29) Charlie Schmidt; and (30) Jacob [sic: "Jason"] Weisenseel.

[5] To the knowledge of PerkinElmer, of the New Defendants, only Alexander Maitan, Corey Morcombe, and NMC LLC have been served.  NMC LLC and Messrs. Maitan and Morcombe will promptly file notices of their consent to removal.

ascertained that the case is one which is or has become removable.").

6.    Fewer than thirty days have elapsed since any defendant was served with the Amended Complaint. Therefore, removal to this Court is timely under 28 U.S.C. § 1446(b)(3).

## II.    The Court has federal question jurisdiction.

### A.    The Amended Complaint added a cause of action created by federal law, thereby imbuing this Court with federal question jurisdiction.

7.    The Amended Complaint added a new cause of action under the RICO Statute, 19 U.S.C. § 1962(c), a cause of action created by federal law. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 311 (2005) (stating "federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law").

8.    Because this Court has federal question jurisdiction over the Plaintiffs' claim under the RICO Statute, the Court "may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts." *BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4*, 132 F.3d 824, 833 (1st Cir. 1997). Plaintiffs' claims under the RICO Statute arise from the same underlying events and allegations as the State Law Claims, namely the sale of complex analytical instruments to cannabis testing labs and alleged representations relating to those sales. Accordingly, the Court may exercise supplemental jurisdiction over the State Law Claims.

### B.    The Original Complaint was not removable.

9.    The case stated by the Original Complaint was not removable.

10.    Federal question jurisdiction under 28 U.S.C. § 1331 did not exist over the Original Complaint because the Original Complaint did not assert any cause of action under the Constitution, laws, or treaties of the United States. Specifically, the Original Complaint asserted only the State Law Claims.

11.     Diversity jurisdiction under 28 U.S.C. § 1332 also did not exist over the Original Complaint because the parties were not diverse. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 673 (1st Cir. 1994) (holding "a lack of 'complete diversity' between the parties deprives the federal courts of jurisdiction over the lawsuit" (quotation marks omitted)). At least one defendant and at least one plaintiff are citizens of the Commonwealth of Massachusetts.

12.     Defendant Revvity is a Delaware corporation that maintains a principal place of business in Massachusetts and is therefore a citizen of Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State . . . where it has its principal place of business").

13.     Plaintiff Assured Testing Laboratories LLC ("Assured Testing") has at least one member, Dimitrios Pelekoudas, who is domiciled in Revere, Massachusetts.[6] For the purpose of diversity jurisdiction, Assured Testing takes on the citizenship of its members and, accordingly, is a citizen of Massachusetts. *See BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023) ("It is clear in this circuit that an LLC . . . takes the citizenship of all of its members."). Further, according to the Original Complaint and the Amended Complaint, Assured Testing maintains its principal place of business in Tyngsborough, MA.

14.     Additionally, plaintiff Agricor Laboratories, Inc. ("Agricor") alleges to be a corporation organized under the laws of Delaware. For purposes of diversity of citizenship, Agricor is a citizen of Delaware. 28 U.S.C. § 1332(c)(1).

---

[6] The disclosure statements that Plaintiffs filed pursuant to Supreme Judicial Court Rule 1:21 did not identify the members of the limited liability company plaintiffs. Accordingly, information about Assured Testing's citizenship is gleaned from public records maintained by the Massachusetts Secretary of State and the Massachusetts Cannabis Control Commission.

15. Because Revvity Health Sciences, Inc., and Assured Testing are both Massachusetts citizens, and Revvity and Agricor are both Delaware citizens, complete diversity does not exist and has not existed from the outset of this action. *See Casas Office Machines, Inc.*, 42 F.3d at 673.

### III. Venue in this Court is proper.

16. Venue is proper in the United States District Court for the District of Massachusetts because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *id.* § 101.

### IV. Procedural Prerequisites for removal have been satisfied.

17. None of the Defendants has responded to the Amended Complaint in the State Court Action. To the knowledge of PerkinElmer, only PerkinElmer has been served.

18. PerkinElmer will promptly file a copy of this Notice of Removal with the Massachusetts Superior Court and will provide written notice of removal to the Plaintiffs as required under 28 U.S.C. § 1446(d).

19. Filed contemporaneously with this Notice is an Appendix of Process, Pleadings, and Orders in State Court for Notice of Removal, in which PerkinElmer has attached a copy of all process, pleadings, and orders served upon PerkinElmer in the State Court Action. Within 28 days, PerkinElmer will file certified or attested copies of all records and proceedings in the State Court Action and a certified copy of all docket entries in the State Court Action, in accordance with Local Rule 81.1(a).

20. Pursuant to 28 U.S.C. § 1446, all defendants who have been properly joined and served as of the date of this Notice of Removal have joined or consented to removal. Pursuant to 28 U.S.C. § 1448, additional defendants may be served after this action has been removed.

21. This Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure, consistent with 28 U.S.C. § 1446.  The statements and allegations herein are true and correct to the best of the knowledge and belief of the undersigned based upon review of the material available.

## V.  Defendants reserve their rights.

22. PerkinElmer expressly reserves all rights and defenses in this action. By removing this action, PerkinElmer does not admit any of the allegations of the Original Complaint or the Amended Complaint.

WHEREFORE, Defendant PerkinElmer removes this action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, and respectfully requests that this Court assume jurisdiction of this matter and take all further steps as required to determine this controversy.

Dated: August 21, 2025

Respectfully submitted,

DEFENDANTS PERKINELMER HEALTH SCIENCES, INC., REVVITY HEALTH SCIENCES, INC., and PERKINELMER U.S. LLC

By their attorneys,

/s/ Keith H. Bensten
_____
Keith Bensten (BBO No. 568780)
William D. Black (BBO No. 703229)
MacKenzie Kerr (BBO No. 715327)
Victoria R. Whalen (BBO No. 712540)
DAY PITNEY LLP
One Federal Street, 29th Floor
Boston, MA 02110
Telephone: (617) 345-4624
kbensten@daypitney.com
wblack@daypitney.com
mkerr@daypitney.com
twhalen@daypitney.com

Elizabeth A. Alquist (*pro hac vice pending*)
Erick M. Sandler (BBO No. 653868)
Johanna Lerner (*pro hac vice pending*)
DAY PITNEY LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Telephone: (860) 275-0100
eaalquist@daypitney.com
emsandler@daypitney.com

Jonathan B. Tropp (*pro hac vice pending*)
DAY PITNEY LLP
195 Church Street, 15th Floor
New Haven, CT 06510
Telephone: (203) 977-7337
jbtropp@daypitney.com

## CERTIFICATE OF SERVICE

    I, William D. Black, hereby certify that on this 21st day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the filing to all counsel of record. I further certify that I caused a true and correct copy of the foregoing to be served via email and first-class mail upon the following:

Michael P. Connolly
Lindsey M. McComber
HARRIS BEACH MURTHA CULLINA PLLC
33 Arch Street, 12th Floor
Boston, MA 02110
mconnolly@harrisbeachmurtha.com
lmccomber@harrisbeachmurtha.com

Thomas C. Allison
Luis M. Perez
THOMAS C. ALLISON, P.A.
121 S. Orange Avenue, Suite 840
Orlando, FL 32801
thomas@allisonpa.com
lperez@allisonpa.com

_____
William D. Black